CAUSE NO. 202409380

COPY OF PLEADING PROVIDED BY PLT

Delivered 2/21/24

RECEIPT NO: 1010509
TRACKING NO: 74289926 EML

| Plaintiff: SALAZAR, THELMA ELIZABETH (AS HEIR OF THE ESTATE OF ROSALINDA RAMOS) vs. Defendant: SPIRIT AIRLINES INC | In The 165th Judicial District Court of Harris County, Texas 201 CAROLINE Houston, Texas |

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: SPIRIT AIRLINES INC (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED THROUGH THEIR REGISTERED AGENT CORPORATE SERVICE COMPANY D/B/A CSC- LAWYERS INCORPORATING SERVICE COMPANY 211 E 7TH STREET SUITE 620, AUSTIN TX 78701

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on February 13, 2024 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on February 16, 2024, under my hand and seal of said court.



Marilyn Burgess

Issued at the request of:

GARCIA, ABRAHAM
150 W. PARKER RD., STE. 705-B

HOUSTON, TX 77076
281-962-7772
Bar Number: 24078005

Marilyn Burgess, District Clerk
Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: ADILIANI SOLIS

Tracking Number: 74289926 EML

CAUSE NUMBER: 202409380

| | |
|---|---|
| PLAINTIFF: SALAZAR, THELMA ELIZABETH (AS HEIR OF THE ESTATE OF ROSALINDA RAMOS) | In the 165th |
| vs. | Judicial District Court of |
| DEFENDANT: SPIRIT AIRLINES INC | Harris County, Texas |

OFFICER – AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address) _____
_____ in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____ defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20.

Fees $_____

By_____
       Affiant                                                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
                                                                Notary Public

2/13/2024 12:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 84450971
By: Adiliani Solis
Filed: 2/13/2024 12:00 PM

**2024-09380 / Court: 165**

CAUSE NO. _____

| | | |
|---|---|---|
| THELMA ELIZABETH SALAZAR AS HEIR OF THE ESTATE OF ROSALINDA RAMOS<br>*Plaintiff* | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | HARRIS COUNTY, TEXAS |
| SPIRIT AIRLINES, INC. AND CITY OF HOUSTON D/B/A GEORGE BUSH INTERCONTINENTAL AIRPORT<br>*Defendants* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Plaintiff, THELMA ELIZABETH SALAZAR AS HEIR OF THE ESTATE OF ROSALINDA RAMOS, and files this Original Petition against Defendants, SPIRIT AIRLINES, INC. AND CITY OF HOUSTON D/B/A GEORGE BUSH INTERCONTINENTAL AIRPORT, and for cause would respectfully show the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Texas Rule of Civil Procedure 190.1, discovery level II. Plaintiff affirmatively plead that this case is, on its facts, not appropriate for prosecution under the expedited actions process under Texas Rule of Civil Procedure 169.

### II. PARTIES AND SERVICE

2. Plaintiff, THELMA ELIZABETH SALAZAR AS HEIR OF THE ESTATE OF ROSALINDA RAMOS is an individual residing in Harris County, Texas.

3. Defendant, SPIRIT AIRLINES, INC., is a foreign for-profit corporation and may be served with process with their registered agent, Corporate Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1

4.   Defendant, **CITY OF HOUSTON D/B/A GEORGE BUSH INTERCONTINENTAL AIRPORT** is a governmental entity and may be served with process by serving the City Secretary, Anna Russell at 901 Bagby, Houston, Texas 77002.

5.   To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure and Plaintiffs hereby demand that upon answering this lawsuit, that it answer in its correct legal name and assumed name.

### III. JURISDICTION AND VENUE

6.   The subject matter in controversy is within the jurisdictional limits of this court.

7.   This court has jurisdiction over Defendants because they are Texas entities.

8.   Venue is proper in Harris County, Texas; pursuant to Section 15.002 (s) (1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions occurred in this county.

### IV. MISNOMER/ALTEREGO

9.   In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V. RESPONDEAT SUPERIOR/JOINT ENTERPRISE/VICARIOUS LIABILITY FMCSA LIABILITY AND COURSE & SCOPE OF EMPLOYMENT

10.   **CITY OF HOUSTON D/B/A GEORGE BUSH INTERCONTINENTAL AIRPORT**, is legally responsible to the Plaintiff for the negligent conduct of **SPIRIT AIRLINES, INC.** under the legal doctrines of respondeat superior, agency, and/or ostensible

2

agency, because Defendant, **SPIRIT AIRLINES, INC.** was, at all times material to this lawsuit, an agent, ostensible agent, servant, employee of, or in joint enterprise with **CITY OF HOUSTON D/B/A GEORGE BUSH INTERCONTINENTAL AIRPORT** and was acting within the course and scope of such agency or employment at the time of the collision made the basis of this lawsuit. As a result, Defendant, **CITY OF HOUSTON D/B/A GEORGE BUSH INTERCONTINENTAL AIRPORT,** is liable for all of the negligent acts committed by Defendant, **SPIRIT AIRLINES, INC.**

## VI. FACTS

11. On or about February 26, 2023, Plaintiff was an invitee on Defendant's premises, attending a flight in a reasonable and prudent manner, exercising care for her safety, and the safety of others. The incident occurred when the Plaintiff fell at Defendant's premises. Defendant failed to provide Plaintiff with a wheelchair upon disembarking her flight. As a result of failing to attend to Plaintiff and provide her with a wheelchair, Plaintiff fell on Defendant's premises and sustained injury. Defendants failed to tend to the Plaintiff's condition or assist the Plaintiff to ensure her safety in the first place by not effectively providing a wheelchair. Defendants were in the best position to eliminate and/or warn of this unreasonably dangerous condition. Defendants' breach of its duty proximately caused Plaintiff's injuries.

## VII. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANTS

12. At the time of the accident, Defendants negligently failed to maintain their premises in a safe and reasonable manner. Defendants had a duty to exercise ordinary care and reasonably and prudently maintain their premises safe for all people on the property. Defendants

3

breached that duty in one or more way, each of which singularly or in combination with others was the proximate cause of the occurrence in question.

13. In addition, Defendants do not have in place policies or procedures that require, instruct, or direct it employees in making the premises reasonably safe. If such policies or procedures exist, then Defendants failed to enforce them. Defendants failed to train their employees in making the premises safe. And Defendants further failed to properly and adequately supervise and oversee its premises so as to prevent occurrences such as this one.

## VIII. PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANTS

14. The Defendants had a duty to exercise the ordinary care of a premises operator and landlord to business invitees, i.e., the Plaintiff. The Defendants failed to make their premises safe for everyone entering the premises, including guests, invitees, and patrons. Defendants had actual and/or constructive knowledge of this condition and failed to make safe or warn Plaintiff of the dangerous condition posed on Defendants' floor. This condition was not open or obvious, and Defendants was in the best position to make the condition safe.

## IX. DAMAGES FOR PLAINTIFF

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs THELMA ELIZABETH SALAZAR AS HEIR OF THE ESTATE OF ROSALINDA RAMOS, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiffs seeks monetary relief of over $250,000.00 but not more than $1,000,000.00:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs, THELMA ELIZABETH SALAZAR AS HEIR OF THE ESTATE OF ROSALINDA RAMOS for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;
>
> B. Reasonable and necessary medical care and expenses, which will in all

  reasonable probability be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Physical pain and suffering in the future;

  E. Physical impairment sustained in the past;

  F. Physical impairment sustained in the future;

  G. Loss of earnings in the past;

  H. Loss of earning capacity which will, in all probability, be incurred in the future;

  I. Mental anguish in the past; and

  J. Mental anguish in the future.

## X. REQUIRED DISCLOSURE

16. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, THELMA ELIZABETH SALAZAR AS HEIR OF THE ESTATE OF ROSALINDA RAMOS, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**KGS LAW GROUP**

By: /s/ *Abraham Garcia*
Brandon A. Kinard
State Bar No. 24079744
Abraham Garcia
State Bar No. 24078005
Carlos A. Saldaña
State Bar No. 24086403
150 W Parker Rd, Suite 705-B
Houston, Texas 77076
Telephone No. (281) 962-7772
Facsimile No. (281) 962-7773
E-Service and Correspondence Email: Service@kgslawpllc.com
**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

BRANDON KINARD on behalf of ABRAHAM GARCIA
Bar No. 24078005
KGS@KGSLAWGROUP.COM
Envelope ID: 84450971
Filing Code Description: Petition
Filing Description: Petition
Status as of 2/13/2024 1:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Abraham Garcia | | service@kgslawpllc.com | 2/13/2024 12:00:31 PM | SENT |